**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kayce Logan, Richard Aaron, Ashley Cooper, and Chad Cooper, Defendants,

Of whom Kayce Logan is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-000495

———————

Appeal From Darlington County
Cely Anne Brigman, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-418
Submitted December 5, 2024 – Filed December 13, 2024

———————

**AFFIRMED**

———————

John Brandt Rucker and Allyson Sue Rucker, both of The Rucker Law Firm, LLC, of Greenville, for Appellant.

Cody Tarlton Mitchell, of Lucas, White, & Mitchell, of Hartsville, as Guardian ad Litem for Appellant.

Tiffany Brooke Allen, of South Carolina Department of Social Services, of Hartsville, for Respondent.

Stuart Wesley Snow, Jr., of Snow & Bailey Law Firm, P.A., of Florence, for the Guardian ad Litem for the minor child.

_____

**PER CURIAM:**  Kayce Logan appeals the family court's judicial review order granting permanent custody of her minor child to kinship caregivers, allowing the Department of Social Services (DSS) to forego offering further reunification services, and closing the case.  *See* S.C. Code Ann. § 63-7-1640(C) (Supp. 2024) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1]  Accordingly, we affirm the family court's ruling and relieve Logan's counsel.

**AFFIRMED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

_____

[1] *See S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated February 2, 2005 (expanding the *Cauthen* procedure to situations in which "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.